# BRUMBACK

*v.*

# KEYSER.

(*Supreme Court of Appeals of Virginia, Sept. 29, 1876.*)

Decrees Interlocutory—Unimportant Errors.

Where the errors in an interlocutory decree are unimportant and were committed by oversight, it is unnecessary to reverse such decree on account of such errors, but it may be affirmed, with liberty to the court below, on the motion of any party or person reported to be a lien creditor, to correct any error in the decree, in whole or in part and to recommit the report to a commissioner.

Equity Practice—Suit to Subject Land to Payment of Judgment—Parties.

In a suit to subject land to the lien of a judgment, it is not necessary to make any of the other lien creditors besides the plaintiffs formal parties, as they are in effect made parties, by the opportunity given them of proving their claims before the commissioner, whose account was taken upon due notice given in the usual way; especially when such other lien creditors seem to have availed themselves fully of the opportunity.

Same—Same—Petition of Lien Creditor—Right to File.

In a suit to subject land to the lien of a judgment, if any of the lien creditors have been omitted in the original suit, when the cause is remanded they may still have an opportunity of coming in by petition and present their claims and have a report made upon them.

Appeal from circuit court of Page county.

In 1871, A. S. Modesitt assigned to H. M. Keyser and others a judgment against William H. Brumback, for the sum

of $650.00.    In 1872, execution on said judgment was is-
sued and returned, "No property found."    In the same year
complainants filed their bill in the circuit court of Page county
to subject the land of said Brumback to the payment of said
judgment, making W. H. Brumback party to the suit and
praying that the cause may be referred to a commissioner to
take and state the necessary accounts.    There was a supple-
mental bill filed making Abraham Hite, John Brumback,
administrator, Mary Brumback, deceased, John Lionberger,
Mann Spiller and Isaac Long, lien creditors of W. H. Brum-
back, parties to the suit and asking a discovery as to whether
their judgment had been paid and how far.

Upon the report of the commissioner the court decreed
that the land should be sold if the liens were not paid within
sixty days.    From which decree, W. H. Brumback appealed,
alleging as error the failure to make Geo. L. Hite, D. C.
Brubaker, Geo. M. D. Brumback and the heirs and admin-
istrator of Jos. Huffman, parties to the suit, the said Hite and
Brubaker being judgment creditors of said heirs and W. H.
Brumback appellant.

*J. G. Newman,* for appellant.

*Walton & Smoot,* for appellees.

STAPLES, J., delivered the opinion of the court.

The court is of opinion that there are no errors in the
decree complained of except such as are comparatively unim-
portant and were committed by mere oversight, being palpa-
ble and indeed admitted by the counsel for the appellees in his
brief in this case.    And as the decree is merely interlocutory,
they might, and no doubt would have corrected it on motion,
and by recommitting the report if necessary for that purpose
without incurring the expense and delay of an appeal to this

1 Va Dec—7

court. The court is further of the opinion that it is unnecessary to reverse the decree on account of any such errors ; but the same may be affirmed, with liberty to the court below, on the motion of any party, or any person who is reported to be a lien creditor of the appellant, to correct any error which may exist in the decree, and to recommit the report, in whole or in part, to the commissioner for that purpose if necessary, and subject to the correction in that way of any such error. There is no necessity for making any of the other lien creditors besides the plaintiffs formal parties to the suit, as they are in effect made parties, by the opportunity which has been afforded them of exhibiting and proving their claims before the commissioner, whose account was taken upon due notice given in the usual way. Those other lien creditors seem fully to have availed themselves of that opportunity, as an account seems to have been taken by the commissioner of the claims of all of them. And if any of them have been omitted, they will still have an opportunity of coming in by petition and presenting their claims and having a report made upon them. It would no doubt have been more regular to have made George M. D. Brumback a formal party to the suit ; but he does not complain, no doubt because he knows that his rights will be protected by the court below. But still if it be desirable, or be deemed proper, he can yet be made a party, either on his motion or that of the plaintiff. It is the policy of our law to have errors corrected by the court which committed them when that can be conveniently done, and thus to avoid the expense and delay of a resort to an appellate tribunal for relief.

Therefore it is decreed and ordered that the said decree appealed from be affirmed with liberty and subject as aforesaid, and that the appellant pay to the appellees, H. M. Keyser, Margaret Alger and Milton Taylor, executor of Christopher Keyser, deceased, as the parties substantially

prevailing, thirty dollars damages and their costs by them about their defence in this behalf expended. And it is further decreed and ordered that this cause be remanded to the court below, to be further proceeded in to a final decree, in conformity with the foregoing opinion and decree. Which is ordered to be certified to the circuit court of Page county.